**Dwain D. MOORE, Plaintiff–Appellant,**

v.

**A. HERNANDEZ, Officer,
Defendant–Appellee.**

No. 07–17333.

United States Court of Appeals,
Ninth Circuit.

Submitted March 18, 2009.*

Filed April 6, 2009.

Dwain D. Moore, Ione, CA, pro se.

Before: LEAVY, HAWKINS, and TASHIMA, Circuit Judges.

MEMORANDUM **

California state prisoner Dwain D. Moore appeals pro se from the district court's judgment dismissing his 42 U.S.C. § 1983 action pursuant to 28 U.S.C. § 1915(e), alleging that defendant violated his constitutional rights while supervising him at his prison job. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir.1998) (order), and we affirm.

The district court properly dismissed Moore's retaliation claim because his job-related conflicts with defendant, centering around his work shift schedule, did not state a claim for retaliation. *See Bruce v. Ylst*, 351 F.3d 1283, 1288 (9th Cir.2003)

(explaining that plaintiff must allege that he was retaliated against for exercising a constitutional right and that the retaliatory action did not advance a legitimate penological goal).

The district court properly dismissed Moore's Eighth Amendment claim because he failed to show how his job-related conflicts constituted a sufficiently serious deprivation or how the prison official acted with a sufficiently culpable state of mind. *See Hearns v. Terhune*, 413 F.3d 1036, 1042 (9th Cir.2005) (outlining elements of an Eighth Amendment violation).

The district court properly dismissed Moore's equal protection claim because he failed to allege that defendant acted with an intent or purpose to discriminate against him based upon his membership in a protected class. *See Thornton v. City of St. Helens*, 425 F.3d 1158, 1166 (9th Cir. 2005).

**AFFIRMED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.